UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　　Plaintiff,<br>　　v.<br>ROSS GORDON LAVERTY,<br>　　　　　Defendant. | Case No. 3:18-cr-00061-WHO-1<br><br>**ORDER ON MOTIONS IN LIMINE**<br>Re: Dkt. No. 70 |

Defendant Ross Gordon Laverty is charged with crimes related to two mail bombs sent in 2017. A second[1] pretrial conference took place on June 11, 2020, and trial is set to begin on July 9, 2020. Below are my rulings on the government's motions in limine. Dkt. No. 70.

**MIL No. 1: Journal entries**

First the government raises entries from Laverty's journals that it intends to introduce at trial, arguing they are admissible under Federal Rule of Evidence 801, because they are inextricably intertwined with the crimes charged, and under Rule 404(b). Mot. 1-3. The government characterizes the entries as including accusations against police officers along with "detailed plans to seek revenge, commit extreme acts of violence, and use weapons and explosives." *Id.* at 1-2. At my request, the government filed copies of the relevant journal entries. Dkt. No. 90-1.

This evidence appears both relevant and admissible; however, I will wait until trial to rule

---

[1] At the first pretrial on November 18, 2019, counsel for Laverty for the first time raised questions about his competency to stand trial and requested an examination pursuant to 18 U.S.C. § 4241(b). Dkt. Nos. 79, 81. After an examination determined that Laverty was competent, the parties jointly requested that this case be set for trial. Dkt. Nos. 82, 83, 84. In March 2020, the parties jointly requested that the April 27, 2020 trial date be continued due to the COVID-19 crisis. Dkt. Nos. 91, 92.

on the admissibility of specific excerpts, when I have heard the context in which the government intends to use them along with any objections from Laverty.

**MIL No. 2: Authentication**

The government asserts that I should allow some evidence to be authenticated without witnesses under Federal Rule of Evidence 902. Mot. 3-4. Specifically, it raises National Firearm Registration and Transfer Record certifications (and the absence of any record relating to Laverty), electronic data recovered from electronic devices at Laverty's residence, and business records. *Id.* at 4. The government is also pursuing stipulations with the defense regarding this evidence.

It appears that this evidence is self-authenticating under Rule 902. *See* FRE 902(4) (public records), (11) (records of regularly conducted activity), (14) (certified data copied from an electronic device). In the event that Laverty, who has not objected to this evidence, disagrees that Rule 902 applies to exhibits covered by this motion, he should identify the specific exhibit prior to trial so that I can review the objection. Otherwise, the motion is GRANTED.

**MIL No. 3: Insanity or mental condition**

Federal Rule of Criminal Procedure 12.2 requires a defendant to notify the government if he intends to assert a defense of insanity. Fed. R. Crim. P. 12.2(a). Laverty has provided no such notice to the government. Mot. 4-5. Accordingly, the motion is GRANTED; Laverty may not raise an insanity defense at trial. *See* Fed. R. Crim P. 12.2(a) ("A defendant who fails to [notify the government] cannot rely on an insanity defense.").

**MIL No. 4: Alibi**

The government has made several written requests regarding an alibi defense, and Laverty has not provided any notice that he intends to raise such a defense. *See* Mot. 5. Fed. R. Crim. P. 12.1(a) (requiring the defendant to respond to a written request within 14 days). "If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Fed. R. Crim. P. 12.1(e). The motion is GRANTED.

**MIL No. 5: Hearsay**

The government seeks to preclude Laverty from introducing his own hearsay statements during trial. The motion is GRANTED. Mot. 5-6. Rule 804(b)(3), which excepts self-inculpatory

statements from the hearsay prohibition, does not extend to non-self-inculpatory statements even when they are collateral to the self-inculpatory statements. *Williamson v. United States*, 512 U.S. 594, 600 (1994) ("The fact that a statement is self-inculpatory does make it more reliable; but the fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability."). Neither can Laverty elicit exculpatory statements on cross-examination. *See United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007).

### MIL No. 6: Extrinsic acts of victims or third parties

The government asks me to exclude evidence of extrinsic acts of third parties or victims, specifically citing to two possible types of evidence. Mot. 6-7. The specifics of these requests are under seal. Laverty has not opposed the government's motion or made any indication that he wishes to present this evidence, which appears both irrelevant and unfairly prejudicial. Accordingly, the motion is GRANTED without prejudice to Laverty raising admissibility arguments during trial.

### MIL No. 7: Third-party guilt

The government argues that I should preclude Laverty from making statements and arguments to the jury that a specific third party committed the crimes charged unless evidence supporting such a theory has been proffered or admitted. Mot. 7-8. "A defendant is entitled to prove his innocence by showing that someone else committed the crime." *United States v. Brannon*, 616 F.2d 413, 418 (9th Cir. 1980); *see United States v. Crenshaw*, 698 F.2d 1060, 1066 (9th Cir. 1983) (concluding that the district court erred where the defendant "twice offered evidence that [the third party] did in fact plan the robbery"); *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980) (holding that it was error to exclude evidence related to a man matching the robber's description). But where evidence related to a third party is likely to confuse the issues or mislead the jury, the district court does not abuse its discretion by excluding it. *Brannon*, 616 F.2d at 418 (disagreeing with the district court's decision but finding that it was not an abuse of discretion). This motion is GRANTED. Laverty shall not state or argue to the jury that a specific third party committed the alleged crimes unless he has proffered evidence to support that theory or unless I have admitted such evidence.

**MIL No. 8: Evidence of law enforcement misconduct**

The government argues that prior to raising *Henthorn*-style evidence during trial, Laverty should be required to provide a good faith basis for such evidence outside the presence of the jury. Mot. 8-9. This motion is GRANTED. I agree that it is appropriate for me to vet allegations of law enforcement misconduct before they are raised in front of the jury during witness questioning. Unless Laverty's questions go to a false statement, a false report, or another sustained finding of untruthfulness, he must inform me of the issues he intends to raise during the 7:30 a.m. attorney conference before trial for that day. The government shall not forewarn any witness about the issues Laverty intends to raise.

The government makes the same request with regard to alleged bad acts of civilian witnesses. That motion is also GRANTED as set forth above.

**MIL No. 9: References to punishment**

The government moves to preclude Laverty from referencing to the jury the sentence he could face if convicted. As the parties agree in their joint proposed jury instructions, "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991), *as amended on denial of reh'g* (Feb. 11, 1992). This motion is GRANTED. Laverty shall neither overtly nor subtly reference his potential sentence or any other punishment in front of the jury.

**IT IS SO ORDERED.**

Dated: June 15, 2020

William H. Orrick
United States District Judge